UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
LOURDES MEDICAL
CENTER OF BURLINGTON   :
COUNTY
:
      Petitioner
:     CIVIL ACTION NO. 04-4494 (JCL)
  v.
:     **MEMORANDUM & ORDER**
JNESO, DISTRICT COUNCIL
I, IUOE, AFL-CIO   :

      Respondent.   :
_____

**LIFLAND, District Judge**

On November 14, 2005, this Court issued a Memorandum and Order granting Respondent JNESO's motion to confirm an arbitration award of August 16, 2004. In a letter dated November 17, 2005, Petitioner Lourdes wrote to this Court: "If I may put it candidly, our client and we simply do not understand how the Court could have issued a final judgment in this matter after the Court led us to believe that we would be permitted to complete discovery and to then address the merits of the dispute."

On September 16, 2004, Lourdes filed a complaint and petition in this Court to vacate an arbitration award of August 16, 2004 on the grounds that (1) the arbitrator violated its due process rights by failing to conduct a fair hearing; (2) the

arbitrator was biased against Lourdes; (3) the award did not draw its essence from the collective bargaining agreement; and (4) the award was rendered in manifest and irrational disregard of the law and the evidence.

On October 12, 2004, JNESO answered and counterclaimed, seeking confirmation of the arbitration award. On November 3, 2004, JNESO filed a motion requesting that this Court summarily confirm the arbitration award because the award drew its essence from the collective bargaining agreement.

On November 19, Lourdes submitted its brief in opposition to JNESO's motion to confirm the arbitration award. Lourdes argued that the Court should allow it to conduct discovery before deciding whether to confirm or vacate the award. Specifically, Lourdes argued that it should have been allowed to "serve requests for admissions, written interrogatories, document requests, and possibly take depositions, to obtain information regarding what occurred during the off-the-record, *ex parte* communications between JNESO and the arbitrator, and to obtain other evidence that would rebut JNESO's position that [the arbitrator] was not biased against [Lourdes] and did not violate [Lourdes's] due process rights by failing to conduct a fair hearing." Lourdes did not address the merits of the arguments raised by JNESO in its motion, but rather added this footnote on the final page of its opposition brief:

> Should the Court decide that Lourdes is entitled to no discovery before the Court confirms or vacates the...award, Lourdes respectfully requests that the Court provide Lourdes with a reasonable amount of time following the Court's decision to respond to the substantive merits of JNESO's Motion to Confirm Arbitration Award.

On November 30, 2004, JNESO submitted its reply brief, addressing Lourdes' argument that it should be allowed to conduct discovery.

Thereafter, in a Pretrial Scheduling Order of February 2, 2005, Magistrate Judge Falk ordered expedited, limited discovery until, but not after, April 1, 2005. The parties disregarded this deadline, and nothing happened until May 2005, when JNESO made two motions for protective orders. In June, 2005, the arbitrator made a motion to quash Lourdes' subpoena and Lourdes filed a request for an Order to Show Cause as to why JNESO should not be held in contempt for failing to comply with Lourdes' subpoenas.

On August 16, 2005, Magistrate Judge Falk relaxed his April deadline and held oral argument on the motions to quash, the motions for a protective order, and the request for an Order to Show Cause. On the record, Judge Falk denied JNESO's applications for protective orders and ordered that limited discovery on the issue of arbitrator bias could continue, as he had originally ordered on February 2, 2005. He asked the parties to "confer" and to "prepare a proposed Order of what we've done here today." (Tr. at 74-5)

The parties failed to submit a proposed order as requested by Judge Falk in August, failed to notify Judge Falk that they were having difficulty agreeing on an order, and failed to proceed with any discovery whatsoever.    This Court's confirmation of the award on November 14th reawakened Lourdes, which has been entirely silent during the past three months.   Therefore, in an Order dated December 2, 2005, Judge Falk concluded that the time for discovery had expired and ordered all discovery closed.

Lourdes also claims that even if it cannot conduct discovery, it should now be allowed to brief the "merits" of the issue over a year after filing its original opposition brief.   The Court agrees that Lourdes should timely submit its brief on the "merits."

Accordingly, **IT IS** on this 7th day of December, 2005,

**ORDERED** that Petitioner Lourdes submit its brief on the "merits" to this Court no later than December 31, 2005; and it is further

**ORDERED** that this Court's Order of November 14, 2005, confirming the arbitration award, is stayed pending the Court's consideration of Lourdes' brief on the "merits."

\s\ John C. Lifland, U.S.D.J.